**Louis BACA, Petitioner—Appellant,**

v.

**Michael KNOWLES, Warden, Respondent—Appellee.**

No. 06–16104.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2007.

Filed Dec. 11, 2007.

ed by 9th Cir. R. 36–3.

Kent A. Russell, Esq., Russell & Russell, San Francisco, CA, for Petitioner–Appellant.

Eric Lynn Christoffersen, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: THOMPSON, KLEINFELD, and THOMAS, Circuit Judges.

### MEMORANDUM *

The ineffective assistance claim that Baca did not raise in his federal habeas petition in district court and the claims he did not make in his opening brief are waived, under *Young v. Runnels,* 435 F.3d 1038, 1044 (9th Cir.2006), and *United States v. Thomas,* 447 F.3d 1191, 1200 (9th Cir.2006). His claim of ineffective assistance based on failure of his lawyer to investigate and advance a claim based on mental defect was preserved and is properly before us.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

960

■ With respect to that claim, Baca's burden under 28 U.S.C. § 2254(d) is to show that the state court decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The state court found as a matter of fact that counsel's decisions to go no further than he did along these lines were "trial tactics." Counsel obtained a report from a clinical psychologist who interviewed his client and consulted a methamphetamine psychosis expert. The state court determination was reasonable because: (1) much of the psychologist's report was extremely harmful to Baca; (2) the part of the psychologist's report possibly helpful to Baca would most probably be inadmissible evidence under California Penal Code § 28(a); and (3) counsel advised the court himself that the methamphetamine expert's testimony would be a "double-edged sword," because the jury would infer "Oh, not only is he a murderer, but he's a druggy, too."

■ The record amply supports the state court's conclusion that Baca's lawyer's actions were legitimate trial tactics, so this habeas claim does not satisfy the deficient performance standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), under *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir.2007). Baca's attorney had no obligation to continue to search for some expert who would be willing to provide testimony more favorable to the defense than the two experts he had consulted, under *Hendricks v. Calderon*, 70 F.3d 1032, 1036, 1038–39 (9th Cir.1995). Because deficient performance is not demonstrated, we do not reach the question whether deficient performance was prejudicial to the defense.

Baca's claim as to juror number 2 does not establish any misconduct by lying during voir dire, because she was not asked about the employment application she later disclosed and is not claimed to have lied. The California Court of Appeal did not act contrary to or unreasonably apply federal law as determined by the Supreme Court by not ordering an evidentiary hearing regarding this juror. Her claim that her thought processes were affected by her pending job application, her desire to get the case over with, the cost to the county of a retrial, and her thought that the judge would overturn the verdict if it was erroneous, would all be inadmissible to impeach the verdict under California state law, running from the common law in *People v. Gray*, 61 Cal. 164, 183, 1882 WL 1851 (1882), and preserved by California Evidence Code § 1150(a). The Supreme Court held in *Smith v. Phillips*, 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982), that a juror's pending application to be an investigator for the prosecuting attorney's office did not establish imputed or implied bias, so *a fortiori* the application of Baca's juror to be an investigator with the welfare department, which would entail working with the district attorney's office, did not establish imputed bias.

■ The California Court of Appeal held that "we cannot say that the [superior] court abused its discretion in finding there was no intentional concealment and no actual bias," and this finding of "no actual bias" was not an unreasonable determination of fact. Because of the absence of actual bias and the attenuated nature of the claim of implied bias, no hearing beyond what the court held was constitutionally required under *Tracey v. Palmateer*, 341 F.3d 1037, 1046 (9th Cir. 2003), and *United States v. Angulo*, 4 F.3d 843, 847 (9th Cir.1993).

AFFIRMED.